762 S.E.2d 25

**In the Matter of Robert Paul TAYLOR, Respondent.**

Appellate Case No. 2014–001413.

No. 27425.

Supreme Court of South Carolina.

Heard July 1, 2014.

Decided July 30, 2014.

Lesley M. Coggiola, Disciplinary Counsel, and Julie K. Martino, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Ryan A. Stampfle, Esquire, of Stampfle Law Firm, LLC, of Myrtle Beach, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to disbarment. Respondent requests the disbarment be imposed retroactively to February 19, 2014, the date of his interim suspension. *In the Matter of Taylor,* 407 S.C. 168, 754 S.E.2d 714 (2014). In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of a sanction and, further, to complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Law Office Management School prior to seeking readmission. We accept the Agreement and disbar respondent from the practice of law in this state, retroactive to the date of his interim suspension, and impose additional conditions as set forth hereafter in this opinion. The facts, as set forth in the Agreement, are as follows.

## *Facts*

### *Matter I*

Complainant A hired respondent to represent him in a child support modification action. Respondent charged Complain-

ant A a flat fee of $1,500.00 for attorney's fees as reflected in the fee agreement. Respondent's affidavit of attorney's fees presented to the court requested attorney's fees in the amount of $1,687.50, more than the total fee in the agreement. In addition, the affidavit states "[u]pon Plaintiff's retaining of Affiant, Plaintiff was informed by the office that he would be charged an hourly rate of Two Hundred Twenty–Five and No/100s ($225.00) Dollars per hour for attorney time." However, respondent's fee agreement makes no mention of an hourly rate to be charged for his services.

Respondent filed a Motion for Temporary Relief seeking modification of child support. A hearing was convened on February 17, 2010. The judge denied the request for modification, ordered a case from Lexington County (in which an Order and Rule to Show Cause hearing had been scheduled to address delinquent child support by Complainant A) be transferred to Horry County and ordered the parties to submit the issues to mediation.

Mediation was not held. Complainant A's Rule to Show Cause was transferred to Horry County and a hearing was held on April 16, 2010, at which time Complainant A was held in civil contempt and ordered to pay $6,540.32 to purge the contempt.

Complainant A filed a complaint with ODC on June 18, 2010, alleging respondent engaged in misconduct in several aspects. He alleged respondent made promises he did not keep, failed to communicate with him, gave him bad advice, and failed to act diligently on his behalf. Several of Complainant A's allegations are without merit with regard to respondent's efforts on Complainant A's behalf in the underlying action. However, during the course of the investigation, respondent fabricated evidence to present to ODC in an effort to demonstrate communications with his client.

In a supplemental response to the Notice of Investigation, respondent provided ODC with copies of several letters allegedly sent by him to Complainant A. Investigation by ODC revealed several of these letters were falsified. In particular, two letters, one dated October 15, 2009, and one dated November 6, 2009, contained a caption number that was not assigned

to the case until December 28, 2009.[1] Therefore, those letters could not have been written in October or November 2009.

Respondent admits these letters were completely fabricated and backdated. He admits he created these letters for the purpose of demonstrating to ODC that he was diligent and communicative in his representation of Complainant A.

In addition, respondent submitted a letter dated February 19, 2010, allegedly written by him to Complainant A. This letter purports to discuss what happened at the hearing on February 17, 2010. However, the letter references events that were not discussed until the hearing on April 16, 2010. Respondent created the letter for purposes of the disciplinary investigation, again to demonstrate diligence and communication.

### *Matter II*

In October 2013, Complainant B hired respondent to represent her in a divorce action. At a meeting on October 19, 2013, Complainant B paid respondent $900, $750 of which was for attorney's fees and $150 of which was for costs. Complainant B and respondent went over the complaint respondent had drafted and discussed serving Complainant B's husband. Complainant B informed respondent that the marital residence was in foreclosure proceedings and that, after the foreclosure hearing, her husband would be difficult to serve.

Throughout the remainder of 2013 and the beginning of 2014, Complainant B called respondent's office several times to inquire whether her husband had been served. The process server was unsuccessful in serving the husband.

The last time Complainant B spoke to respondent's receptionist was on January 13, 2014. She called approximately twice a day for the next couple of weeks and never received an answer or a return call. Complainant B went by respondent's office on January 17, 2014, and January 24, 2014, but it was closed and locked on both occasions. Respondent did not serve Complainant B's husband with the complaint and did not inform Complainant B that he was closing his office. Com-

---

1. Further, respondent filed two separate matters with different action numbers on December 9, 2009. Respondent placed the incorrect action number on the letters at issue in Complainant A's matter.

plainant B could not retain a new attorney as respondent was still the attorney of record and she could not find him in order to obtain a release of representation. As a result of abandoning his office, the Court placed respondent on interim suspension on February 19, 2014. *Id.*

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter); Rule 1.16 (upon termination of representation, lawyer shall take steps to extent reasonably practicable to protect clients' interests); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of client); Rule 8.1 (in connection with disciplinary matter, lawyer shall not knowingly make false statement of material fact); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice). Respondent further admits he violated the Lawyer's Oath as contained in Rule 402(k), SCACR.

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring courts or legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate the oath of office taken to practice law in this state and contained in Rule 402(k), SCACR).

### Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state, retroactive to the date of his interim suspension. Within

thirty (30) days of the date of this opinion, respondent shall pay ODC and the Commission the costs incurred in the investigation and prosecution of this matter. Respondent shall not apply for readmission until he has completed the Legal Ethics and Practice Program Ethics School, Trust Account School, and Law Office Management School. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.